NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0188n.06

No. 08-4696

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 25, 2010**
LEONARD GREEN, Clerk

KADIDIATOU BA; BABACAR BA,               )
                                          )
        Petitioners,                      )        ON PETITION FOR REVIEW OF
                                          )        AN ORDER OF THE BOARD OF
        v.                                )        IMMIGRATION APPEALS
                                          )
ERIC H. HOLDER, JR., Attorney General,    )
                                          )
        Respondent.                       )
                                          )

BEFORE:  MERRITT, GIBBONS, and ROGERS, Circuit Judges.

**ROGERS, Circuit Judge.** Babacar and Kadidiatou Ba, a husband and wife who are natives and citizens of Senegal, petition for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's adverse credibility determination and dismissing the Bas' appeal. Mr. and Mrs. Ba seek asylum and withholding of removal under the Immigration and Nationality Act and protection under the Convention Against Torture based on their claim that they were persecuted and tortured in Senegal on account of their political affiliation. The record evidence does not compel the conclusion that the Bas are credible. Nor do the Bas' allegations that they suffer from comprehension difficulties overcome the substantial evidence that supports the adverse credibility determination. Therefore, there is no basis to grant the Bas' petition for review.

Mrs. Ba arrived in New York City in September 2002 as a non-immigrant visitor for pleasure; Mr. Ba entered the country three-and-one-half months later as a non-immigrant visitor for

business. Both Mr. and Mrs. Ba overstayed their authorization to remain in the United States. Although both apparently tried to apply for asylum and withholding of removal in August 2003, their applications were evidently returned to them. About a month later, Mrs. Ba resubmitted her application (the "original application"), which this time included Mr. Ba as a derivative beneficiary. The Bas submitted an amended application with the assistance of counsel in October 2004.

In both their original and amended applications, the Bas claim they were persecuted in Senegal because they belonged to the Socialist Party. They maintain that the persecution started after Abdoulaye Wade's Democratic Party (PDS) regime came to power in 2000. Both the original and amended applications explain that Mr. Ba was arrested, detained, and tortured multiple times by the Senegalese government. The original application says nothing about the rape or attempted rape of Mrs. Ba. The amended application says that, although Mrs. Ba was "beaten by the militia with fists and by a baton," she "was able to escape before [she] was sexually assaulted." The Bas are afraid to return to Senegal as a result of this alleged past persecution.

At a hearing in August 2006, an Immigration Judge (IJ), through a French interpreter, questioned Mr. and Mrs. Ba at length to determine what language each speaks and understands best. The IJ wanted to ensure that the Bas would be able to testify in their respective best languages at the next hearing. Although Mrs. Ba affirmed multiple times that she speaks and understands Wolof better than French, she nonetheless maintained that she could speak and understand French. While questioning Mrs. Ba in French, the IJ had to ask Mrs. Ba repeatedly to respond to the specific question the IJ had posed. Near the end of the hearing, the IJ expressed concern about Mrs. Ba's

ability to respond to basic questioning: "I don't know whether it's a problem that she really doesn't understand as much French as she does [sic] or there's a comprehension issue because I think my questions have been very clear . . . ." The Bas' counsel, unaware of any medical issues affecting Mrs. Ba's comprehension abilities, said that he would inquire further.

At the next hearing, the IJ arranged for a Wolof interpreter for Mrs. Ba and a French interpreter for Mr. Ba. Mrs. Ba testified, in relevant part, that she had been beaten and raped by PDS spies in June or July of 2000, after Wade came to power. When her counsel asked her to clarify whether she had been raped or whether the spies had only attempted to rape her, she responded, unequivocally, "I was raped." On cross-examination, counsel for the government confronted Mrs. Ba with the supplement to her amended application, prepared by her attorney, wherein she stated that she was "able to escape before [she] was sexually assaulted." In response, Mrs. Ba explained only that she had not said that she was not raped and that she does not understand English very well. When asked about the mistreatment Mr. Ba had suffered while detained by the Senegalese government, Mrs. Ba affirmed that she and Mr. Ba had had "a specific conversation" where he had described "in detail" what had happened. Mrs. Ba testified that Mr. Ba had been interrogated, beaten, and, at times, deprived of food and drink.

By contrast, Mr. Ba testified that, while detained, he had been forced to walk on his knees and hot water had been poured over his head. When asked whether he had been mistreated in any other way, Mr. Ba responded, "Those that I described, that's, that's it." Mr. Ba also testified on cross-examination that he could not remember submitting an application for asylum before he and

Mrs. Ba submitted their amended application, which they had prepared with the assistance of counsel. Mr. Ba claimed on re-direct that he had been hit by a car since coming to the United States and had "lost [his] memory" as a result.

The IJ concluded that neither Mr. nor Mrs. Ba was credible. The IJ's adverse credibility determination rested in large part on (1) the inconsistency between Mrs. Ba's testimony and the amended application with regard to whether she was raped; (2) Mrs. Ba's failure to mention the rape in the original application; and (3) the inconsistent testimony with regard to the mistreatment Mr. Ba had suffered while detained by the Senegalese government. The IJ also concluded that, even if the Bas were credible, they had not established their eligibility for relief from removal. Accordingly, the IJ denied the Bas' applications for asylum and withholding of removal and ordered them removed to Senegal.

On administrative appeal, the BIA considered the discrepancies in the record and concluded that the IJ's adverse credibility determination was not clearly erroneous. The BIA also noted that the IJ had "proceeded carefully with the hearing to ensure that the respondents were provided interpreters in the languages they spoke best," and rejected the Bas' explanation that discrepancies in the record were the result of comprehension issues. The BIA dismissed the Bas' appeal, and the Bas now petition for review.

Substantial evidence supports the BIA's determination that Mr. and Mrs. Ba are not credible. Under the deferential substantial evidence standard of review, an adverse credibility determination

will be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

With regard to the allegation that Mrs. Ba was raped by PDS spies: Mrs. Ba said nothing about the rape in her original application; then stated that she was beaten but not raped in her amended application; and, finally, testified unequivocally that she was indeed raped. An adverse credibility determination may be based on inconsistencies between a petitioner's testimony and statements made in the petitioner's application. *See Amir v. Gonzales*, 467 F.3d 921, 925-26 (6th Cir. 2006). In addition, although petitioners are not "required to provide an exhaustive, detailed list" of" events in their applications, *Liti v. Gonzales*, 411 F.3d 631, 638 (6th Cir. 2005); *see also Ileana v. INS*, 106 F. App'x 349, 352 (6th Cir. 2004), omissions from an application may also "form the basis of an adverse credibility determination, provided that they are substantially related to the asylum claim," *Liti*, 411 F.3d at 637. The discrepancies between the Bas' original and amended applications, and between the applications and Mrs. Ba's testimony, suggest that Mrs. Ba tried to strengthen her persecution claim over time. *See Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004). Moreover, Mrs. Ba's allegation that she was raped by PDS spies goes to the very core of her claim that she was persecuted and fears persecution if she returns to Senegal. *See Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004). (For applications, like this one, brought before the May 11, 2005, effective date of the REAL ID Act, inconsistencies must meet the requirement of "go[ing] to the heart of the applicant's claim." *Id.*; *Amir*, 467 F.3d at 925 n.4.) In light of these discrepancies, the record evidence does not compel the conclusion that Mrs. Ba is credible.

As to the alleged mistreatment of Mr. Ba, Mr. and Mrs. Ba's testimony conflicts. Although both Mr. and Mrs. Ba testified that Mr. Ba had been arrested and detained "many times" on account of his political opinion, their testimony diverged when they were asked to describe the mistreatment he had suffered. This discrepancy also goes to the heart of the Bas' claim and thus undermines the credibility of them both.

The Bas contend that the IJ's adverse credibility determination is "fatally flawed" because the IJ "failed to acknowledge flagrant comprehension difficulties exhibited by both petitioners in responding to inquires [sic] of any kind." The Bas' argument, however, is unavailing and does not provide a basis for reversing the credibility finding.

The Bas cite as support for their argument the transcript of the August 2006 hearing, when the IJ questioned them to determine what language each speaks best. Near the close of this hearing, the IJ expressed concern about Mrs. Ba's ability to comprehend and respond to basic questioning. The Bas' counsel never raised this issue again on the record—the IJ's statement is the only statement in the record on this point. Mrs. Ba never testified that she suffers from comprehension difficulties. Moreover, the testimony that provides the basis for the adverse credibility determination does not reflect a lack of comprehension on Mrs. Ba's part. Accordingly, Mrs. Ba's allegation on appeal that she suffers from comprehension difficulties is not enough to overcome the substantial evidence supporting the adverse credibility determination.

The Bas also point to Mr. Ba's testimony that, after he entered the United States, he was hit by a car and "lost [his] memory." Even if Mr. Ba in fact suffers from memory loss, he never asserted

that he could not remember the mistreatment he had suffered while detained. Rather, Mr. Ba testified specifically that he had been made to walk on his knees and that hot water had been poured over his head. Thus Mr. Ba's alleged memory loss appears to have had no impact on the testimony that provides the basis for the adverse credibility determination.

In sum, in light of the discrepancies discussed above, the record evidence does not compel the conclusion that the Bas are credible. Because their testimony is not credible, they have not shown that they are eligible for asylum, *see* 8 C.F.R. § 1208.13(a), nor have they carried the heavier burden of proving that they qualify for withholding of removal or protection under the Convention Against Torture, *see Ndrecaj v. Mukasey*, 522 F.3d 667, 677 (6th Cir. 2008).

Accordingly, we deny the Bas' petition for review.